IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GENICA R. WATSON,<br>Plaintiff,<br>v.<br><br>CITY OF ST. LOUIS, MISSOURI,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-1261 |

# *COMPLAINT*

COMES NOW Plaintiff Genica R. Watson ("Plaintiff") and for her Complaint against Defendant City of St. Louis, Missouri ("Defendant") states as follows:

## Parties and Jurisdiction

1. At all times relevant herein, Plaintiff is and was a citizen of the United States of Missouri and resident of the City of St. Louis, Missouri.
2. At all times relevant herein, Defendant is and was a political subdivision of the State of Missouri.
3. At all times relevant herein, Defendant operated the City of St. Louis Street Department and Refuse Division.
4. At all times relevant herein, Plaintiff is and was employed by Defendant as a Utility Worker in the Refuse Division.
5. Jurisdiction in this Court is proper pursuant to 42 U.S.C. §2000e-5(f)(3).

6. Venue in this Court is proper in that the acts and occurrences giving rise to Plaintiff's cause of action occurred in the City of St. Louis, Missouri within the Eastern Division of this Court.
7. At all times relevant herein, Defendant was acting through its designated supervisory agents, officers, employees and representatives who were acting within the course and scope of their employment and authority with full knowledge that Plaintiff's statutory rights were being violated by its employees and agents.
8. On or about April 14, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission under Charge Number 28E-2025-00524.
9. On May 13, 2026, the US Department of Justice, Civil Rights Division, issued Plaintiff a Notice of Right to Sue which is attached hereto as Exhibit 1.

***Facts Common to All Counts***

10. Plaintiff is an African American woman.
11. In April of 2023, Plaintiff filed a complaint at work after she was subjected to racial slurs made by a Caucasian male employee.
12. After Plaintiff made her complaint, racially derogatory imagery was drawn in the dirt on her work vehicle, and her personal vehicle was damaged while parked in the work parking lot, trash, debris, and human waste were placed in her designated work area, and she would find her work truck blocked by a front loader.
13. In addition, false accusations were made by the same Caucasian male employee, which resulted in police arriving at the workplace and handcuffing Plaintiff for 45 minutes.

14. Following the incident in Paragraph 13, above, Plaintiff was transferred to another wok location where she had to do more physically demanding and menial work.

15. In addition, Plaintiff's Supervisor, a Caucasian male, began following Plaintiff in his personal vehicle while she was operating her work truck.

16. In addition, Plaintiff was been subjected false rumors of sexual involvement with her Foreman, a Caucasian male, and the Foreman made vulgar remarks to Plaintiff about the rumors.

17. When Plaintiff complained about the rumors, Plaintiff's Supervisor called Plaintiff insubordinate and pushed her out of his office.

18. Plaintiff has gone to City Hall and met with the Alderwoman about her complaints and what she feels is a lack of response.

19. No action was taken against the co-worker that called Plaintiff a derogatory racial slur or against any other employees involved in the incidents described in the preceding paragraphs.

20. In June of 2023, while performing the physically demanding duties to which she had been reassigned, Plaintiff sustained a work-related injury that required surgery.

21. Plaintiff was not allowed to return to work on light duty but was forced to remain completely off work at reduced pay purportedly because the city could not accommodate her light duty restrictions.

22. Other employees were allowed to return to work on light duty with full pay.

23. Plaintiff returned to work in October of 2024.

24. Since Plaintiff returned to work in October of 2024, she has been accused of a "no call no show," and her pay has been docked.

25. Since Plaintiff returned to work in October of 2024, she has been accused by her Foreman of being late when she was not late.

26. In October of 2024, Plaintiff was falsely accused of taking a picture of a coworker in her personal vehicle when she was on a break. Plaintiff's Supervisor told Plaintiff that she was prohibited from leaving on her break but that Plaintiff's coworker was allowed to leave for work because she was getting food.

27. When Plaintiff asked her Supervisor to direct her to the rule prohibiting her from leaving during her break, the Supervisor said to Plaintiff that Plaintiff does "not run s--- here" and refused to show her the rule.

28. Plaintiff's Supervisor also asked Plaintiff why she even came back to work in that location, implying that she should have stayed in the mechanic's area where she had been reassigned previously. Plaintiff was sent home and docked a day of pay.

29. On November 7, 2024, Plaintiff received a letter from the Director advising that Plaintiff was going to be the subject of a Pre-disciplinary Review for allegedly failing to fuel up her work vehicle after completing her route. Plaintiff had not even been at work on the date that she was alleged to have failed to fuel up the vehicle.

30. After the Pre-disciplinary Review, Plaintiff was asked to retroactively sign a "Disciplinary Action Notice" that was dated October 24, 2024.

31. In February of 2025, Plaintiff was called into her Foreman's office and falsely accused again of failing to fuel up her work vehicle.

32. Also in February of 2025, Plaintiff attempted to fuel up the work vehicle but found that the fuel card assigned to that truck was missing. She reported the fuel card missing. Even though she reported the fuel card missing, she was written up again for failing to fuel up the truck.

33. In late February through late March of 2025, Plaintiff was sent to an address to deliver trash carts for a citizen a total of seven times. The citizen complained that she did not receive the carts. Plaintiff had documented the deliveries and taken photographs.

34. It turned out that the citizen's neighbor had taken the trash carts, and Plaintiff located them for her. However, Plaintiff's Foreman did not close out the citizen complaints, and the Superintendent called Plaintiff's Foreman and accused Plaintiff of not delivering the carts.

35. Another Foreman was directed to follow Plaintiff on her route. Plaintiff received accusations of poor performance on an almost daily basis.

36. Plaintiff's Supervisor intentionally calls Plaintiff by the wrong last name and tells her "to be safe out there" in an insincere manner.

37. Plaintiff has been directed to use her personal cell phone to document the work that she has done.

38. Beginning in January of 2026, Plaintiff reported multiple times that there was a problem with the gate on her assigned work vehicle.

39. In April of 2026, the gate fell on Plaintiff causing her injury.

40. Plaintiff's Foreman wrongfully blamed the injury on Plaintiff not closing the gate properly.

41. Since April of 2026, Plaintiff's presence for her shift has been questioned even though she has been present working.

42. Plaintiff believes that all of this is an effort to intimidate her and fabricate a record to give her an unsatisfactory job performance evaluation and prevent her from receiving pay increases and in an effort to get her to resign or to create a record on which to terminate her.

43. The unfair treatment of Plaintiff is continuing and ongoing.

***Count I***
***Discrimination on the Basis of Race in Violation of Title VII***

44. Plaintiff incorporates by reference each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

45. At all times relevant hereto, Plaintiff has performed her job duties in a manner consistent with Defendant's policies, procedures, and expectations.

46. Plaintiff, as an African American woman, is in a class protected from discrimination under Title VII.

47. All aforementioned actions against Plaintiff, by order or under the authority of Defendant's employees and supervisors, herein mentioned, qualify as adverse employment actions taken in violation of Title VII.

48. The aforementioned adverse actions taken against Plaintiff are part of a pattern, practice, and policy of Defendant.

49. Plaintiff has been and continues to be treated differently than similarly situated Caucasian employees, harassed, and subjected to a hostile work environment.

50. Defendant's conduct, by and through its employees and supervisors, is and was intentional, knowing, malicious, in willful and wanton disregard and reckless indifference to Plaintiff's rights in violation of Title VII.

51. As a direct result of Defendant's unlawful acts, as aforesaid, in violation of Title VII, Plaintiff has lost wages and benefits of employment and has suffered emotional distress.

52. Plaintiff's race is a motivating factor in Defendant's decision to take the aforementioned adverse employment actions.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against Defendant as follows:

A. Award Plaintiff actual damages including back-pay and compensatory damages for Defendant's violations of Title VII, including an amount equal to her lost wages and other benefits of employment, with interest, and any other expenses incurred as a result of her loss of these benefits;

B. Award Plaintiff damages for emotional distress;

C. Award Plaintiff punitive damages for Defendant's intentional and malicious violation of Plaintiff's rights;

D. Award Plaintiff reasonable attorney's fees and costs incurred herein; and

E. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

***Count II***
***Discrimination on the Basis of Sex in Violation of Title VII***

53. Plaintiff incorporates by reference each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

54. At all times relevant hereto, Plaintiff performed her job duties in a manner consistent with Defendant's policies, procedures, and expectations.

55. Plaintiff, as an African American woman, is in a class protected from discrimination under Title VII.

56. All aforementioned actions against Plaintiff, by order or under the authority of Defendant's employees and supervisors, herein mentioned, qualify as adverse employment actions taken in violation of Title VII.

57. The aforementioned adverse actions taken against Plaintiff are part of a pattern, practice, and policy of Defendant.

58. Plaintiff has been and continues to be treated differently than similarly situated male employees, harassed, and subjected to a hostile work environment.

59. Defendant's conduct, by and through its employees and supervisors, is intentional, knowing, malicious, in willful and wanton disregard and reckless indifference to Plaintiff's rights in violation of Title VII.

60. As a direct result of Defendant's unlawful acts, as aforesaid, in violation of Title VII, Plaintiff has lost wages and benefits of employment and has suffered emotional distress.

61. Plaintiff's sex is a motivating factor in Defendant's decision to take the aforementioned adverse employment actions.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against Defendant as follows:

F. Award Plaintiff actual damages including back-pay and compensatory damages for Defendant's violations of Title VII, including an amount equal to her lost wages and other benefits of employment, with interest, and any other expenses incurred as a result of her loss of these benefits;

G. Award Plaintiff damages for emotional distress;

H. Award Plaintiff punitive damages for Defendant's intentional and malicious violation of Plaintiff's rights;

I. Award Plaintiff reasonable attorney's fees and costs incurred herein; and

J. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

## *Count III*
## *Retaliation for Reporting Acts of Discrimination in Violation of Title VII*

62. Plaintiff incorporates by reference each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

63. At all times relevant hereto, Plaintiff performed her job duties in a matter consistent with Defendant's policies, procedures, and expectations.

64. All aforementioned actions against Plaintiff, by order or under the authority of Defendant's employees and supervisors, qualify as adverse employment actions taken in violation of Title VII.

65. The aforementioned adverse employment actions taken against Plaintiff were part of a pattern, practice, and policy of Defendant.

66. Defendant's alleged reasons given for the adverse employment actions taken against Plaintiff are pretextual, given the proximity of the of the adverse employment actions and Plaintiff's complaints regarding discrimination that she was being subjected to by Defendant's employees and supervisory employees.

67. Defendant's conduct, by and through its employees and supervisors, was intentional, knowing, malicious, in willful and wanton disregard and reckless indifference to Plaintiff's rights in violation of Title VII.

68. As a direct result of Defendant's unlawful acts, as aforesaid, in violation of Title VII, Plaintiff has lost wages and benefits of employment and has suffered emotional distress.

69. Plaintiff's race and sex and her reporting of discrimination are motivating factors in Defendant's decision to take the aforementioned adverse employment actions.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against Defendant as follows:

A. Award Plaintiff actual damages including back-pay and compensatory damages for Defendant's violations of Title VII, including an amount equal to her lost wages and other benefits of employment, with

interest, and any other expenses incurred as a result of her loss of these benefits;

B. Award Plaintiff damages for emotional distress;

C. Award Plaintiff punitive damages for Defendant's intentional and malicious violation of Plaintiff's rights;

D. Award Plaintiff reasonable attorney's fees and costs incurred herein; and

E. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

/s/ Deanne Nicole Harris
Deanne Nicole Harris #51080
NICOLE HARRIS, LLC
Attorney for Plaintiff
500 N. Skinker Blvd.
St. Louis, Missouri 63130
(314) 496-1872 (phone)
(314) 480-7230 (fax)
Email: nicole@nicoleharrislaw.com